FREDERICK GRASMUCK *et al.*, Respondents, *against* WILLIAM C. BAUR *et al.*, Appellants.

(Decided June 25th, 1883.)

Creditors having notice at the time their claim accrued of a chattel mortgage not then filed of property of their debtors, but not claiming or having acquired possession of the mortgaged property by any legal process issued for the purpose of collecting their claim, although they have recovered judgment and issued execution thereon, have no right to withhold the possession of such property from the mortgagee, where their execution has not been actually levied on the property.

---

* The judgment entered upon this decision was affirmed by the Court of Appeals May 9th, 1884 (see 96 N. Y. 630).

APPEAL from a judgment of the General Term of the Marine Court of the city of New York, affirming a judgment of that court entered upon the verdict of a jury, and an order denying a motion for a new trial.

The facts are stated in the opinion.

*O'Byrne & Stewart*, for appellants.

*Arnold H. Wagner*, for respondents.

VAN BRUNT, J.—The plaintiffs having loaned one Hoffman $550 on the 8th of November, 1881, received from him a bill of sale of the furniture in his house as collateral security for its payment. This bill of sale was not filed as a mortgage until the 16th of March, 1882. On the 30th of December, 1881, Hoffman gave the defendants a mortgage on the same property for $1,022.31, which was filed on the 31st of December, 1881.

For the purposes of this appeal it must be assumed that the defendants, at the time of taking their mortgage, had notice of the prior mortgage executed by Hoffman to the plaintiffs, but not filed. Prior to March 16th, 1882, the time of the filing of the plaintiffs' mortgage, and subsequent to its date, November 8th, 1881, Hoffman became indebted to the defendants in the sum of over $1,000, and in April, 1882, an action was brought against Hoffman upon this claim, and a warrant of attachment issued against his property. This action subsequently ripened into a judgment and an execution was issued. It does not appear from the record that either the execution or attachment were ever levied upon any property whatever. The defendants in this action having taken possession of the property mortgaged to them, the same was demanded by the plaintiffs by virtue of their mortgage, and the delivery of the same was refused, whereupon this action was commenced to recover the damages by the withholding of such property.

The only question submitted to the jury was whether the

Grasmuck v. Baur.

defendants at the time of the receipt of their mortgage had notice of the mortgage of the plaintiffs. There was evidence that they had such notice, and the finding of the jury therefore upon that point cannot be disturbed.

It is claimed, however, upon the part of the defendants, that they were creditors upon a claim having accrued during the time that the plaintiffs' mortgage was not of record, and that therefore their right to hold the property could not be inquired into because such claim had ripened into judgment and execution. Although it is claimed upon the defendants' points that this property was duly attached, I have examined the record in vain to see any proof of that fact, and we must therefore consider the question as though neither the attachment nor the execution had been actually levied. And it is claimed upon the part of the appellants and defendants that if the defendants were creditors with process against Hoffman, their possession of this property could not be disturbed by the plaintiffs.

In all the cases which have been cited upon the part of the appellants it appears, from the evidence in the case, that the execution or attachment had been actually levied, and in most cases the action has been against the sheriff because of his trespass in making such levy.

It is true that in the case of *Thompson* v. *Van Vechten* (27 N. Y. 582) the language of the court is, that creditors cannot interfere with the property of their debtor without process; but that evidently means that they cannot interfere with the property of the debtor except by the execution of process and justify their apparent trespass by attacking, in aid of the process, the validity, as to them, of the alleged claim thus sought to be established against them.

In the case at bar, it appears that the defendants had taken possession of this property; apparently had attempted to sell it under their mortgage; had bought it, and now seek to justify upon the ground that they are judgment creditors with process, when there is no proof that that process has ever been levied, or that they have ever ac-

quired any title whatever thereunder. In the case of *Thompson* v. *Van Vechten* it is expressly held that a mortgage such as the plaintiffs held could not be legally questioned until the creditor clothed himself with a judgment and execution or with some legal process against his property. The court evidently supposed that under such execution or such legal process the judgment creditor should have obtained possession of the property of his judgment debtor, and that he would be able to justify such possession thus acquired as against a mortgage such as the plaintiff sought to enforce in this action.

It would appear, therefore, that the defendants in this action, not having been *bona fide* purchasers for value and not claiming possession or having acquired possession by any legal process issued for the purpose of collecting their claim against the judgment debtor, could not prevail in the case at bar, and that the disposition of the case by the court below was entirely correct, and the judgment should be affirmed, with costs.

CHARLES P. DALY, Ch. J., and BEACH, J., concurred.

Judgment affirmed, with costs.